UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN BURG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00329-SRC |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of the Social Security | ) |
| Administration,[1] | ) |
| | ) |
|     Defendant. | ) |

**Memorandum and Order**

Kathleen Burg seeks judicial review, under 42 U.S.C. § 405(g), of the Commissioner of the Social Security Administration's final decision denying her application for supplemental security income under Title XVI of the Social Security Act. 42 U.S.C. §§ 1381–85. The Court affirms the Commissioner's decision.

**I.   Procedural history**

In 2020, Burg protectively filed an application for supplemental security income. Tr. 101, 506. The Social Security Administration denied her application on initial review, Tr. 412–15, and on reconsideration, Tr. 425–26. Upon Burg's request, an Administrative Law Judge held a hearing on January 24, 2022. Tr. 430–32; Tr. 325–75. Burg testified during the hearing. Tr. 332–67. The ALJ ultimately denied Burg's application. Tr. 98–117. Burg sought review by the Appeals Council of the ALJ's decision, but it denied Burg's request. Tr. 1–6. The ALJ's decision, therefore, is the final decision of the Commissioner that this Court reviews. *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## II.     Standard for determining disability under the Act

Under the Social Security Act, an adult individual is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner follows a five-step evaluation when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. *Id.* at § 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, the claimant is not disabled. *Id.*

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner evaluates the evidence to determine whether the claimant has a severe "impairment[] [that] significantly limits [the claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting 20 C.F.R. § 416.920(c)); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (first citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); then citing *id.* at 158 (O'Connor, J., concurring); and then citing 20 C.F.R. § 404.1521(a)); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively

2

disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the residual functional capacity (RFC) to perform his or her past relevant work.  20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i).  RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations."  *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (quoting *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007)); *see also* 20 C.F.R. § 416.945(a)(1).  While RFC must be "based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," RFC is nonetheless an administrative assessment—not a medical assessment— and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC."  *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (quoting *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009)).  Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion."  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (first citing *Myers v. Colvin*, 721 F.3d 521, 526–27 (8th Cir. 2013); and then citing *Perks v. Astrue*, 687 F.3d 1086, 1092–93 (8th Cir. 2012)).

Ultimately, the claimant is responsible for *providing* evidence relating to his or her RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination[] if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. § 416.945(a)(3).  If the Commissioner determines that the claimant retains the RFC to perform past relevant work, he or she is not disabled.  20 C.F.R. § 416.920(a)(4)(iv).

3

Finally, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of producing evidence showing the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At this stage, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932 (citing *Goff*, 421 F.3d at 785).

### III.     The ALJ's decision

Applying the foregoing, the ALJ concluded that Burg had "not been under a disability within the meaning of the Social Security Act since September 3, 2020, the date the application was filed, through the date of [the ALJ's] decision." Tr. 102. After determining that Burg had not engaged in substantial gainful activity since her application date, Tr. 103, the ALJ considered whether Burg had any severe impairments, Tr. 104. He concluded that she had several severe impairments, including bipolar disorder, post-traumatic stress disorder, and attention-deficit-hyperactivity disorder. *Id.* These impairments, however, did not individually, or in combination, meet, or medically equal, any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, because Burg's impairments cause her to have only moderate limitations and her "mental impairments [were] not documented to be serious and persistent over a period of at least two years." Tr. 104–08.

Next, the ALJ determined Burg's RFC by considering all evidence in the record. Tr. 108. The ALJ concluded that Burg has the RFC "to perform a full range of work at all exertional

4

levels" but has some non-exertional limitations.  *Id.*  Burg's non-exertional limitations include that her work (1) "is limited to simple and routine tasks"; (2) "should be in a low stress job, defined as having only occasional changes in the work setting"; and (3) "should not be in a fast paced type of job."  *Id.*  And "[s]he should have only occasional interaction with co-workers and supervisors with no tandem tasks."  *Id.*

The ALJ then found that Burg has no past relevant work, has at least a high school education, and was 52 years old.  Tr. 111.  Considering these factors and Burg's RFC, the ALJ concluded that jobs exist in significant numbers in the national economy that Burg can perform.  *Id.*  Accordingly, the ALJ concluded that Burg had not been under a disability, as defined in the Act, since her application date.  Tr. 112.

**IV.     Standard of review**

When a claimant seeks judicial review of the Commissioner's decision, the Court determines whether substantial evidence on the record as a whole supports his decision. 42 U.S.C. §§ 1383(c)(3), 1405(g).  If it does, the Court must affirm the decision.  *Id.*  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "[T]he threshold for such evidentiary sufficiency is not high."  *Id.*  Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision."  *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016) (citing *Crawford v. Colvin*, 809 F.3d 404, 408 (8th Cir. 2015)).  The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence."  *Id.* (quoting *Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015)).  The Court will not "reverse merely 'because substantial evidence also exists in the record that would

5

have supported a contrary outcome, or because [the Court] would have decided the case differently.'" *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (quoting *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015)).

V.     **Discussion**

Burg asks the Court to reverse the ALJ's decision, arguing that the ALJ's RFC determination lacks supporting substantial evidence. *See* doc. 14. Specifically, she argues that (1) the ALJ erred when evaluating two prior administrative medical findings and a medical opinion, *see id.* at 3–11; and (2) the ALJ erred by improperly considering her subjective complaints about her symptoms, *id.* at 11–14.[2] The Court addresses each argument in turn.

A.     **The ALJ properly evaluated the prior administrative medical findings and a medical opinion.**

The Commissioner's regulations provide that, for claims filed on or after March 27, 2017, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion[] or prior administrative medical finding[]." 20 C.F.R. § 416.920c(a). Instead, an ALJ must evaluate the persuasiveness of prior administrative medical findings and medical opinions in light of several factors, the most important of which are supportability and consistency. *Id.* at § 416.920c(a)–(c); *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022). The consistency factor states that "[t]he more consistent a medical opinion[] or prior administrative medical finding[] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] or prior administrative medical finding[] will be." 20 C.F.R. § 416.920c(c)(2). Similarly, the supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] or prior administrative medical

---

[2] The Court cites to page numbers as assigned by CM/ECF.

6

finding[], the more persuasive the medical opinions or prior administrative medical finding[] will be." *Id.* at § 416.920c(c)(1). An ALJ must explain how he considered the consistency and supportability factors in his decision, but need not explain how he considered the other factors. *Id.* at § 416.920c(b)(2).

Although Burg agrees that this standard governed the ALJ's review and advances arguments relating to it, *see* doc. 14 at 3–4, Burg also argues that the ALJ erred under the prior set of regulations, *see, e.g.*, *id.* at 6 (arguing the ALJ improperly afforded weight to non-examining-physicians' opinions). As an initial matter, the Court finds Burg's reliance on the prior set of regulations and related caselaw inapposite. The prior set of regulations and related caselaw do not apply to Burg's application because she filed her application after March 27, 2017. *See* Tr. 101, 506; 20 C.F.R. § 416.920c(a); *see also Simington v. Comm'r of Soc. Sec.*, No. 4:21-00615-CV-RK, 2022 WL 4287204, at *4 (W.D. Mo. Sept. 16, 2022). Thus, the Court considers below only Burg's arguments relating to the governing regulation, section 416.920c.

> 1. **Dr. Charles Watson's and Dr. James Morgan's prior administrative medical findings**

Burg argues that the ALJ erred in two ways when evaluating and incorporating Dr. Watson's and Dr. Morgan's prior administrative medical findings into the RFC determination. First, the ALJ failed to properly explain why he found their findings persuasive, including how he considered the consistency and supportability factors. Doc. 14 at 5. Second, the ALJ failed to adopt all limitations identified by Dr. Watson and Dr. Morgan despite deeming their findings persuasive. *Id.* at 5. As explained below, the Court disagrees.

> a. **Under section 416.920c, the ALJ properly evaluated the prior administrative medical findings.**

As discussed above, the applicable regulations required the ALJ to evaluate the prior administrative medical findings by considering several factors, including their consistency and

7

supportability. The Court finds that the ALJ complied with this requirement. The ALJ cited the applicable regulations, stated that he evaluated Dr. Watson's and Dr. Morgan's prior administrative medical findings under them, and applied them, concluding that Dr. Watson's and Dr. Morgan's findings are persuasive. *See* Tr. 108–11. The ALJ's decision also explained his reasoning for doing so.

The ALJ explained that Dr. Watson and Dr. Morgan completed psychiatric review-technique forms and mental-residual-functional-capacity assessments. Tr. 111. In those, Dr. Watson and Dr. Morgan found that Burg has "severe mental impairments that cause only mild to moderate limitations in functioning." *Id.* They specifically noted that Burg "retains the ability to understand and remember simple instructions," "to concentrate and persist with at least simple instructions," and to "respond to normal workplace changes that are anticipated and introduced slowly." *Id.* They also noted that Burg would do best in a work environment with limited social contact. *Id.*

The ALJ explicitly found that these findings were "consistent with the record as a whole." Tr. 111. The ALJ did not elaborate in his paragraph regarding Dr. Watson and Dr. Morgan on why he reached this conclusion. *Id.* When read in its entirety, however, the ALJ's decision makes clear why he did. The ALJ had considered the entire record and provided several pages of analysis, with supporting citations, regarding the record evidence. Tr. 106–12. For example, the ALJ explained that Burg's medical records contained largely normal mental-status examinations showing no ongoing deficits. Tr. 109. At times, the mental-status examinations showed that Burg suffered mild impairments. *See, e.g.*, Tr. 808, 839. They often, however, showed that Burg possessed normal memory, Tr. 828, 860; fair judgment, Tr. 833; a fund of knowledge within normal limits, *id.*, and attention and concentration, Tr. 748, 815, 833, 876. They also showed that she had appropriate orientation and tracked well during

8

appointments. *See, e.g.*, Tr. 876. In addition to his review of the mental-status examinations, the ALJ thoroughly evaluated and provided supporting citations to Burg's treatment history, daily activities, statements made to providers and during the hearing, and providers' observations. Tr. 106–12. Thus, the Court finds that the ALJ's decision belies Burg's claim that the ALJ failed to consider the consistency factor and that substantial evidence supports the ALJ's conclusion that Dr. Watson's and Dr. Morgan's findings were consistent with the record.

The ALJ's decision also demonstrates that the ALJ considered the supportability of Dr. Watson's and Dr. Morgan's findings. The ALJ explained that Dr. Watson's and Dr. Morgan's expertise in psychology and their review of Burg's medical records supported their opinions. Tr. 111. Although the ALJ did not explicitly use the word "support" or some variation thereof when considering Dr. Watson's and Dr. Morgan's opinions, this "is not determinative; word choice alone does not warrant reversal." *Atwood v. Kijakazi*, No. 4:20-cv-1394-JAR, 2022 WL 407119, at *5 (E.D. Mo. Feb. 10, 2022) (citing *Kamann v. Colvin*, 721 F.3d 945, 951 (8th Cir. 2013)). For these reasons, the Court holds that, under section 416.920c the ALJ properly evaluated Dr. Watson's and Dr. Morgan's opinions.

        **b.**        **The ALJ properly incorporated Dr. Watson's and Dr. Morgan's findings into the RFC determination**.

Burg claims that the ALJ committed two errors when incorporating Dr. Watson's and Dr. Morgan's findings into Burg's RFC. First, the ALJ did not adopt verbatim their finding that Burg's limitations require changes to be anticipated and introduced slowly. Doc. 14 at 5–6. Second, the ALJ failed to explain why he adopted more severe limitations when addressing the paragraph-B criteria than those found by Dr. Watson and Dr. Morgan. *See id.* at 5. The Court finds that these arguments lack merit.

9

Section 416.920c requires the ALJ to determine whether the prior administrative medical findings were persuasive. It does not, however require the ALJ to mechanically address each part of the prior administrative medical findings or adopt each limitation identified by persuasive medical sources when determining a claimant's RFC. *See* 20 C.F.R. § 416.920c; *Koss v. Kijakazi*, No. 4:20-cv-996-RLW, 2022 WL 715009, at *10 (E.D. Mo. Mar. 10, 2022) (citing *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)). The ALJ, therefore, did not err by failing to address and/or adopt each of Dr. Watson's and Dr. Morgan's findings.

Moreover, Burg's second argument regarding paragraph-B criteria is irrelevant to whether the ALJ erred in rendering an RFC determination. *See* doc. 14 at 5. That argument pertains to whether the ALJ erred at steps two and three, which are the steps at which the ALJ evaluates the paragraph-B criteria to determine the severity of a claimant's impairments. Burg, however, does not raise a step two or three challenge; she challenges only the ALJ's RFC determination. *See* doc. 14. Even if the Court construed Burg's brief as raising a challenge to the ALJ's step-two and step-three findings, the Court finds the argument unpersuasive. The ALJ provided a detailed analysis of the record evidence at steps two and three. Tr. 106–09. The ALJ's findings related to paragraph-B criteria included more restrictive limitations than Dr. Watson and Dr. Morgan identified. *Id.*; Tr. 393–99; Tr. 403–07. Based on the more restrictive limitations, the ALJ concluded that Burg does not have any severe medical impairments that meet or medically equal the severity of one of the listed impairments. Tr. 106–09. Burg, however, has not argued or demonstrated in any meaningful manner that the ALJ would have reached a different conclusion if he identified *less* restrictive impairments at steps two and three. *See* doc. 14. Thus, the Court finds that the ALJ properly evaluated and incorporated Dr. Watson's and Dr. Morgan's prior administrative medical findings when determining Burg's RFC.

10

### 2. Dr. Jhansi Vasireddy's medical opinion

Turning to Dr. Vasireddy's medical opinion, Burg claims that the ALJ erred when he found Dr. Vasireddy's opinion unpersuasive because (1) the ALJ failed to explain how he considered the consistency and supportability factors; (2) the ALJ improperly considered the medication changes documented in Dr. Vasireddy's treatment notes; and (3) the ALJ improperly considered Burg's conservative treatment and lack of escalating treatment modalities. *See* doc. 14 at 6–11.

First, Burg acknowledges that the ALJ's decision contains several reasons for why the ALJ found Dr. Vasireddy's opinion unpersuasive. *Id.* at 7 (listing seven reasons the ALJ provided for finding Dr. Vasireddy's opinion unpersuasive). The Court finds that those reasons demonstrate that the ALJ properly considered the consistency and supportability factors.

Regarding supportability, the ALJ properly considered that Dr. Vasireddy treated Burg and that his own treatment records do not support his medical opinion. *See* Tr. 110; *Dotson v. Saul*, No. 4:20-cv-310-RWS, 2021 WL 2529786, at *5 (E.D. Mo. June 21, 2021). The ALJ then considered whether Dr. Vasireddy's opinion was consistent with the medical records as a whole. The ALJ explained that "the medical records as a whole, including Dr. Vasireddy's own treatment records, do not document objective signs and findings consistent with" the extreme limitations he included in his opinion. Tr. 110. Although Dr. Vasireddy's records "did document complaints of poor sleep, decreased concentration, and irritability," they also "routinely document[ed] [Burg] with a normal mood, normal affect, normal attention span, and normal thought process and thought content" and noted that Burg "had no trouble asking and answering questions appropriately." *Id.*; *see also, e.g.*, 748, 753, 785. Moreover, Dr. Vasireddy's treatment records "did not document any work-related limitations," her "medication was not frequently changed, and she did not require hospitalization or intensive outpatient care,

11

which could reasonably be expected with such marked limitations in functioning." Tr. 110–11. Thus, the Court finds that the ALJ evaluated the consistency and supportability of Dr. Vasireddy's opinion.

Second, Burg argues that the ALJ improperly concluded that her medications were not frequently changed. Doc. 14 at 8. For the period relevant to Burg's application, Dr. Vasireddy's treatment notes indicate that she changed medications five times over the course of 18 months. Two changes occurred because Burg feared weight gain. Tr. 832, 848. The other three occurred at regular appointments and did not require any additional appointments to address failed medications. *See, e.g.*, Tr. 624. Thus, substantial evidence supports the ALJ's conclusion that Burg's medications were not frequently changed.

Third, Burg claims that the ALJ erred when considering Burg's course of treatment. Doc. 14 at 9–10. An ALJ may consider whether a claimant has a "relatively conservative treatment history" when discounting allegations of disability. *See Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015). Here, the ALJ considered Burg's treatment history and concluded that it was not consistent with the marked limitations Dr. Vasireddy included in his opinion. Tr. 110–11. Substantial evidence supports this conclusion. As the ALJ explained, Burg managed her symptoms with medication, Tr. 109–10, 611–82, 831–35, 848, 852, and she "routinely denied services, such as community support, counseling, and therapy," Tr. 111. In addition, Burg "did not require hospitalization or intensive outpatient care, which could reasonably be expected" if Burg had the marked limitations Dr. Vasireddy opined. Tr. 110–11. Thus, the ALJ properly considered Burg's treatment plan when evaluating the persuasiveness of Dr. Vasireddy's opinion. Accordingly, the Court finds that the ALJ properly evaluated Dr. Vasireddy's opinion and that substantial evidence supports his conclusion that the opinion is unpersuasive.

> **B.     The ALJ properly considered Burg's subjective complaints about her symptoms.**

Finally, Burg claims that the ALJ improperly considered her subjective complaints. Doc. 14 at 11–14. An ALJ must consider several factors when evaluating whether a claimant's statements regarding her symptoms are consistent with medical and other evidence in the record. 20 C.F.R. § 416.929(a), (c); SSR 16-3p, 2017 WL 5180304. Those factors—colloquially referred to as the "*Polaski* factors" in the Eighth Circuit—include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).

First, Burg argues that the ALJ erred by failing "to make an express credibility determination." Doc. 14 at 13–14. Burg is correct that the ALJ did not make a credibility determination. *See* Tr. 101–13. Section 416.929, however, does not require the ALJ to do so. Moreover, Social Security Ruling 16-3p rescinded the sub-regulatory policy that discussed credibility. In doing so, it expressly "eliminat[ed] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character" and to "more closely follow [the] regulatory language." SSR 16-3p, 2017 WL 5180304. Thus, the ALJ did not err by failing to make a credibility determination when evaluating Burg's subjective complaints.

Second, Burg argues that the ALJ erred by failing "to address *expressly* each of the *Polaski* factors." Doc. 14 at 13 (italics added). As Eighth Circuit precedent makes clear, an ALJ "need not explicitly discuss each *Polaski* factor. It is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints." *Milam*, 794 F.3d at 984

13

(quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004)).  Here, the ALJ's decision affirmatively states that the ALJ considered all of Burg's symptoms based on the requirements of section 416.929 and Social Security Ruling 16-3p, Tr. 108, and as discussed more below, it evidences that he considered each of the factors.

Third, Burg claims that, to the extent the ALJ considered the relevant factors, the ALJ failed to "detail reasons for discrediting [Burg's] testimony," "or set forth the inconsistencies upon which she [sic] relied." Doc. 14 at 13.  An ALJ need only "minimally articulate reasons for crediting or rejecting evidence of disability." *Strongson*, 361 F.3d at 1070 (citing *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir.1997)).  The Court finds that the ALJ's decision meets this standard.

For example, Burg complained that her symptoms cause her to have difficulty with even simple tasks, prevent her from getting along with others, and cause her to be unable to focus and or concentrate.  Tr. 106–11.  But as the ALJ explained, Burg's medical records, daily activities, and statements contradicted these complaints.  *Id.*  The Court finds that substantial evidence supports the ALJ's conclusion.

As discussed above, Burg's medical records contained largely normal mental-status examinations showing no ongoing deficits.  In addition, Burg reported and testified to her daily activities.  Burg completed housework, drove 15 to 20 miles from her home, went grocery shopping, and spent time on her computer.  Tr. 333–34, 337, 343.  She also had several hobbies, including fishing, playing X-box, watching television, and "do[ing] stuff in the yard."  Tr. 759.  Finally, Burg provided several statements that shed light on why she sought disability.  Throughout her medical treatment, Burg repeatedly declined help for her mental-health issues, such as counseling and a community-support worker.  *See, e.g.*, Tr. 809.  She claimed she did not "need help[] managing [her] mental health issues," Tr. 772, and described herself as

independent, Tr. 612.  She also explained that she wanted to get on disability because she needed money and insurance.  Tr. 612, 762, 780, 810.  Thus, the Court holds that the ALJ properly evaluated Burg's subjective complaints under section 416.929 and substantial evidence supports the ALJ's conclusion that Burg's subjective complaints "are not entirely consistent with the medical evidence and other evidence in the record."  Tr. 111.

## VI.   Conclusion

Burg claims that the ALJ's RCF determination lacks supporting substantial evidence because "[n]othing in the medical evidence supports the ALJ's determination that [she] could perform medium unskilled work with occasional contact with coworkers and supervisors and only occasional changes in the workplace."  Doc. 14 at 3.  In light of the discussion above and after a careful review of the record, the Court finds that the ALJ's detailed analysis and citations to the record demonstrate that substantial evidence supports the ALJ's RFC determination.  Tr. 8–11.  Accordingly, the Court affirms the decision of the Commissioner of Social Security and dismisses Burg's [1] Complaint with prejudice.  A separate judgment accompanies this Memorandum and Order.

So ordered this 25th day of March 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE